IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JONATHON LAYDEN, individually and o/b/o all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-00065-CV-W-ODS ) ) |
| ADAMS AUTO CORP., | ) ) |
| Defendant. | ) ) |

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant Adams Auto Corp. d/b/a Adams Toyota's Motion to Dismiss. Doc. #16. For the following reasons, Defendant's motion is denied.

## I.  BACKGROUND

Plaintiff, individually and on behalf of others similarly situated, alleges Defendant violated the Telephone Consumer Protection Act ("TCPA") directly or through a third-party telemarketer by sending unsolicited text messages to Plaintiff and the putative class members. Plaintiff maintains Defendant or its agent used an automatic telephone dialing system ("ATDS") to send these text messages. Plaintiff contends he did not provide express consent for Defendant to use an ATDS to send said text messages, or for Defendant to send advertising or telemarketing text messages to his cellular phone. Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim, arguing (1) the text messages are neither advertisements nor telemarketing, and (2) Plaintiff consented to receipt of the text messages.

## II.  STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant

fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

In briefing the pending motion, both parties submitted purported copies of the text messages as well as the screens and/or webpages to which those text messages were linked. The Court ordinarily does not consider matters outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(d). But the Court may consider documents necessarily embraced by the pleadings. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cr. 2003) (citation omitted). Plaintiff's Complaint discusses the text messages, and Plaintiff's TCPA claim is based solely upon the text messages. Thus, Plaintiff's Complaint embraces the text messages, and are considered by the Court in deciding the pending motion.

## III. DISCUSSION

"Congress enacted the TCPA to protect consumers from the 'proliferation of intrusive [telemarketing] calls to their homes." *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819 (8th Cir. 2015) (quoting *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)). Among other things, the TCPA makes "it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any…cellular telephone…for which the receiver is charged for the call." *Mims*, 565 U.S. at 373 (citing 47 U.S.C. § 227(b)(1)(A)). "A text message to a cellular telephone…qualifies as a 'call….'" *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016) (citation omitted).

### A. Advertisements or Telemarketing

Defendant argues Plaintiff fails to state a TCPA claim because the text messages sent to Plaintiff were not advertisements or telemarketing because they did not promote the purchase of goods or services. While the TCPA regulations prohibit different types of communications, the parties' limited their analyses to the prohibition against an advertisement or telemarketing call to a cellular phone without the express consent of the receiving party. 47 C.F.R. § 64.1200(a)(2). The Court will do likewise.

Under the TCPA, an advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Telemarketing is defined as "the initiation of…message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12). For a message to be considered an advertisement or telemarketing, the TCPA does not "require an explicit mention of a good, product, or service, where the implication of an improper purposes is clear from the context." *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015) (quoting *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)). The Eighth Circuit has concluded "content may be instructive, but it is not dispositive." *Id.* at 820 (citation omitted). It also determined "telemarketing occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Id.* (citations omitted).

3

Further, the Federal Communication Commission ("FCC")[1] stated a call is an advertisement if it is "is intended to offer property, goods, or services for sale either during the call, or in the future." *In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1842 (2012). The FCC found "dual purpose" calls – e.g., calls including a customer service or informational component as well as a marketing component – are generally prohibited under the TCPA. *In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14098 (2003). While dual purpose calls may inquire about a customer's satisfaction with a purchased product or service, these calls are "motivated in part by the desire to ultimately sell additional goods or services." *Id.* "If the call is intended to offer property, goods, or services for sale either during the call, or in the future…, that call is an advertisement." *Id.*

Among other things, Plaintiff alleges Defendant sent him unsolicited text messages to "advertise and market its products and services," and the text messages "were made for a commercial purpose in that they contain [Defendant's] brand name…, its logo, and/or a hyperlink to a website soliciting online reviews.…" Doc. #1, ¶ 9, 36-37. Defendant argues the "pretext" of the text messages – that is, seeking Plaintiff's review for services he acquired from Defendant – establish they are neither advertisements nor telemarketing. But Defendant does not address any other purpose(s) for or motivations behind the messages, additional message content once the recipient clicked on the link contained in the message, and Defendant's likely intention to offer goods or services in the future to Plaintiff. When considering (1) the Complaint, from which the Court must accept the allegations as true and view in the light most favorable to Plaintiff, (2) the parties' submissions, and (3) the applicable law, the Court finds Plaintiff plausibly states a claim upon which relief can be granted under the TCPA.

---

[1] The FCC has authority to, among other things, exempt particular types of calls and prescribe regulations. *Mims*, 565 U.S. at 373-74 (citation omitted).

## B. Consent to Messages

Defendant argues Plaintiff fails to state a TCPA claim because he consented[2] to receiving text messages from Defendant when he knowingly released his cellular phone number to Defendant when Defendant serviced Plaintiff's vehicle. Plaintiff alleges he "provided his cell number so that Adams Toyota could call him regarding the estimated expenses, the nature of the repairs needed, and the status of the repairs." Doc. #1, ¶ 43. But Plaintiff also alleges he did not provide express consent for Defendant to send advertising or telemarketing text messages to his cellular phone. Doc. #1, ¶¶ 12(a)-(b), 31, 46. Based upon the face of the Complaint, which is the only source this Court is permitted to review on this issue,[3] Plaintiff has plausibly stated a claim under the TCPA.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss. Defendant's answer to Plaintiff's Complaint is due within fourteen days. *See* Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

DATE: May 11, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] As Defendant concedes, the Eighth Circuit recently declined to decide whether prior express consent is an element of a TCPA claim or an affirmative defense. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 525-26 (8th Cir. 2017). The Eighth Circuit noted "[r]egardless of which party bears the ultimate burden of persuasion on the question of consent," a class action complaint that failed to allege Defendant did not have "prior express consent" would not state a facially plausible claim. *Id*. Here, Plaintiff alleged Defendant did not have prior express consent to send the text messages.

[3] Unlike the text messages at issue, Defendant did not provide a copy of the service agreement or any documentation showing Plaintiff consented to the text messages he received.